

FILED

MAY 07 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

ZHAOCHENG ANTHONY TAN
tonytan@protonmail.com
105 N 1st St # 521
San Jose, CA 95106
Telephone: 415-340-2709

*Pro Se Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ZHAOCHENG ANTHONY TAN, | CASE NO. _____ |
| Plaintiff, | 25 03980 VKD |
| v. | **COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant. | |

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking to compel Defendant UNITED STATES DEPARTMENT OF JUSTICE ("Defendant" or "DOJ") to immediately release records containing written guidance and letters issued by the Attorney General regarding the Protecting Americans from Foreign Adversary Controlled Applications Act ("PAFACAA") (Pub. L. 118-50, div. H).

2. The Attorney General's written guidance and letters purport to inform several companies that providing services to the TikTok app, which is explicitly prohibited by Section 2(a) of PAFACAA, is not a violation of PAFACAA and does not incur any legal liability. This has led two publicly traded companies, Apple Inc. and Alphabet Inc., to restore the TikTok app to their online mobile application stores, after having previously removed the app to comply with PAFACAA. Additional publicly traded companies are providing internet hosting services to the TikTok app, and at least one company—Akamai Technologies, Inc—has disclosed its reliance on the Attorney General's guidance in a public filing to the U.S. Securities and Exchange Commission.

3. The written guidance and letters have not been released to the public. As a result, the public has been unable to evaluate what, if any, legal justifications the Attorney General has set forth in these documents to justify her claim that committing acts prohibited by PAFACAA does not violate PAFACAA. This has led to public confusion about the TikTok app's legal status and its service providers' exposure to civil penalties.

COMPLAINT – PAGE 1

4. For these reasons, Plaintiff ZHAOCHENG ANTHONY TAN ("Plaintiff") submitted three FOIA requests to DOJ seeking records that include the Attorney General's written guidance and letters regarding PAFACAA. The first FOIA request was filed on February 19, 2025. The second request was filed on April 1, 2025, and the third request was filed on April 6, 2025. Months after the first request and despite diligent administrative advocacy by the Plaintiff, DOJ has not adequately searched for or produced any requested records. As a result, the Attorney General's written guidance and letters remain behind closed doors, to the detriment of the public.

5. Defendant has failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i). Because this action arises under FOIA against an agency of the United States, this Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiff resides in this district and no real property is involved in the action.

8. This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. §§ 2201–2202 and Federal Rules of Civil Procedure 57 and 65.

9. The Plaintiff has exhausted any and all administrative remedies in connection with these FOIA requests.

## PARTIES

10. Plaintiff ZHAOCHENG ANTHONY TAN is a resident of San Jose, Santa Clara County, California. Plaintiff submitted FOIA requests to Defendant UNITED STATES DEPARTMENT OF JUSTICE on February 19, 2025; April 1, 2025; and April 6, 2025.

11. Defendant UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") is an agency of the United States under 5 U.S.C. § 552(f)(1). Defendant has custody and control over the records the Plaintiff seeks to have made publicly available under 5 U.S.C. § 552(a)(2).

## STATEMENT OF FACTS

### THE ENACTMENT AND JUDICIAL REVIEW OF PAFACAA

COMPLAINT – PAGE 2

12. The Protecting Americans from Foreign Adversary Controlled Applications Act ("PAFACAA") (Pub. L. 118-50, div. H) was passed by Congress and signed into law by President Biden on April 24, 2024.

13. Starting January 19, 2025, the statute makes it "unlawful for an entity to distribute, maintain, or update (or enable the distribution, maintenance, or updating of) a foreign adversary controlled application" and bars U.S. companies from "Providing services to distribute, maintain, or update such foreign adversary controlled application … by means of a marketplace (including an online mobile application store) through which users within the land or maritime borders of the United States may access, maintain, or update such application" or "Providing internet hosting services to enable the distribution, maintenance, or updating of such foreign adversary controlled application for users within the land or maritime borders of the United States." The statute defines "foreign adversary controlled application" to include "a website, desktop application, mobile application … that is operated, directly or indirectly… by … any of—(i) ByteDance, Ltd.; [or] (ii) TikTok."

14. For violators, the statute additionally provides for "a civil penalty in an amount not to exceed the amount that results from multiplying $5,000 by the number of users within the land or maritime borders of the United States determined to have accessed, maintained, or updated a foreign adversary controlled application as a result of such violation." For distributing the TikTok app, which has more than 100 million U.S. users, multiplying the user count by $5,000 would result in a maximum fine in the range of hundreds of billions of dollars.

15. On January 17, 2025, the United States Supreme Court upheld PAFACAA. The Court understood that "As of January 19, the Protecting Americans from Foreign Adversary Controlled Applications Act will make it unlawful for companies in the United States to provide services to distribute, maintain, or update the social media platform TikTok." With this understanding, the Court held that "Congress has determined that divestiture is necessary to address its well-supported national security concerns regarding TikTok's data collection practices and relationship with a foreign adversary" and that "the challenged provisions do not violate petitioners' First Amendment rights." *TikTok Inc. v. Garland*, 145 S. Ct. 57, 72, 220 L. Ed. 2d 319 (2025).

16. On January 18, 2025, TikTok shut down its services in the United States, and both Apple Inc. and Alphabet Inc. removed the TikTok app from their online mobile application stores in the United States.

**PRESIDENT TRUMP'S EXECUTIVE ORDERS AND THE ATTORNEY GENERAL'S LETTERS**

17. On January 19, 2025, then-President Elect Donald Trump announced that he will issue an Executive Order "to extend the period of time before the law's prohibitions take effect."

COMPLAINT – PAGE 3

18. On January 19, 2025, following then-President Elect Trump's announcement, TikTok restored its services. However, Apple Inc. and Alphabet Inc. did not restore the TikTok app to their online mobile application stores.

**First Executive Order**

19. On January 20, 2025, President Trump issued Executive Order 14166, "Application of Protecting Americans From Foreign Adversary Controlled Applications Act to TikTok," at 90 F.R. 8611 (the "Executive Order").

20. Section 2(a) of the Executive Order "order[s] the Attorney General not to take any action on behalf of the United States to enforce the Act for 75 days from the date of this order."

21. Section 2(b) of the Executive Order requires that "The Attorney General shall take all appropriate action to issue written guidance to implement the provisions of subsection (a)."

22. Section 2(c) of the Executive Order "further order[s] the Attorney General to issue a letter to each provider stating that there has been no violation of the statute and that there is no liability for any conduct that occurred during the above-specified period, as well as for any conduct from the effective date of the Act until the issuance of this Executive Order."

23. On or before February 13, 2025, the Attorney General issued the letters required by Section 2(c) of the Executive Order. The letters were sent from DOJ and received by at least Apple Inc. and Alphabet Inc., causing them to restore the TikTok app to their online mobile application stores.

24. Specifically, on February 13, 2025, the *New York Times* reported that "Apple and Google had recently received letters from the Justice Department assuring them that they would not face fines for carrying TikTok in their app stores," and *Politico* reported that "Apple restored the [TikTok] app after Attorney General Pam Bondi sent a letter to the company assuring it will not face fines for violating a law that banned the video-sharing platform last month." *Bloomberg* also reported that "Apple Inc. and Alphabet Inc.'s Google are restoring ByteDance Ltd.'s TikTok to their app stores on Thursday following assurances in a letter from US Attorney General Pam Bondi that a ban wouldn't immediately be enforced." The reports are attached as Exhibit A.

**Second Executive Order**

25. On April 4, 2025, President Trump issued Executive Order 14258, "Extending the TikTok Enforcement Delay," at 90 F.R. 15209 (the "Second Executive Order").

26. Section 1(a) of the Second Executive Order declares that "The enforcement delay specified in section 2(a) of Executive Order 14166 … is further extended until June 19, 2025."

COMPLAINT – PAGE 4

27. Section 1(b) of the Second Executive Order requires that "The Attorney General shall take all appropriate action to issue written guidance to implement the provisions of subsection (a) of this section."

28. Section 1(c) of the Second Executive Order requires that "The Attorney General shall further issue a letter to each provider stating that there has been no violation of the statute and that there is no liability for any conduct that occurred during the above-specified period, as well as for any conduct from the effective date of the Act until the date of this order."

29. On or before April 5, 2025, the Attorney General issued the letters required by Section 1(c) of the Second Executive Order. Apple Inc. and Alphabet Inc. continued to distribute the TikTok app in the United States.

30. Specifically, on April 6, 2025, *Bloomberg* reported that "Apple Inc., following assurances from the Trump administration, is keeping TikTok and other apps from ByteDance Ltd. on its US App Store for at least another 75 days. The iPhone maker on Saturday received a letter from Attorney General Pam Bondi telling the company it should follow President Donald Trump's executive order that will extend the pause on a TikTok ban in the US, according to people with knowledge of the matter." An excerpt of the report is attached as Exhibit B.

31. Due to the Attorney General's written guidance and letters, U.S. companies including Akamai Technologies, Inc. continue to provide internet hosting services to the TikTok app. In Akamai Technologies, Inc's public Form 10-K report filed on February 24, 2025, with the U.S. Securities and Exchange Commission, the company states that although "the U.S. government passed legislation that prohibited the provision of certain types of services to a Chinese application," the "Attorney General has since determined that our provision of services to this customer has not violated the law and that we can continue providing services as contemplated by the Executive Order without violating the law and without incurring any legal liability," yet "there is no assurance that we will not be exposed to liability and we may be exposed to significant fines, litigation, indemnification claims, negative publicity, reputational harm, diversion of management attention, interruptions in our operations, financial loss and other similar harms by continuing to provide services to the Chinese application."

32. Both Apple Inc. and Alphabet Inc. also continue to distribute the TikTok app on their online mobile application stores in the United States despite PAFACAA, in reliance of the Attorney General's letters.

33. However, the Attorney General's written guidance and letters have not been released to the public. Members of the public, including users of TikTok and investors in U.S. publicly traded companies, see the uncertainty described by Akamai Technologies, Inc., but have not been able to evaluate what, if any, legal justifications the

COMPLAINT – PAGE 5

1   Attorney General has set forth in these documents to justify her claim that committing acts prohibited by

2   PAFACAA does not violate PAFACAA and incurs no liability.

3   34. Members of Congress have also questioned the legal basis of the Attorney General's position and the resulting

4   uncertainty, writing to President Trump on March 24, 2025: "This prescribed non-enforcement of the TikTok

5   ban was not only unlawful but also raised serious questions about TikTok's future … the effectiveness of your

6   executive order rested on the risk tolerance of these companies … This uncertainty is an outgrowth of the

7   unlawful manner by which you extended the TikTok divestment deadline and demonstrates the difficulties with

8   further unilateral executive efforts to circumvent the TikTok ban." The letter is attached as Exhibit C.

9   35. As seen in public reporting, the facts described above have led to public confusion and uncertainty about the

10   TikTok app's legal status, its service providers' exposure to civil penalties, and whether the President and

11   Attorney General can effectively nullify a law passed by Congress and upheld by the U.S. Supreme Court.

12   **PLAINTIFF'S FOIA REQUESTS AND DEFENDANT'S RESPONSES**

13   36. In light of the public confusion and uncertainty over PAFACAA enforcement, Plaintiff submitted three FOIA

14   requests to DOJ seeking records that include the Attorney General's written guidance and letters.

15   **First FOIA Request**

16   37. On February 19, 2025, Plaintiff filed a FOIA request ("First Request") with DOJ for "Any letters issued by the

17   Attorney General pursuant to Section 2(c) of Executive Order 14166" and "Any written guidance issued by the

18   Attorney General pursuant to Section 2(b) of Executive Order 14166." The FOIA Request complied with DOJ's

19   FOIA requirements and is attached as Exhibit D.

20   38. On February 21, 2025, DOJ's Office of Information Policy ("OIP") confirmed that Plaintiff's First Request was

21   "received in this Office on February 19, 2025." DOJ assigned the First Request a control number, FOIA-2025-

22   02723. The agency's confirmation of receipt is attached as Exhibit E.

23   39. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty

24   business days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

25   40. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its

26   determination by no more than ten working days. *See* 5 U.S.C. § 552(a)(6)(B)(i).

27   41. In its confirmation of receipt, DOJ did not invoke "unusual circumstances" and did not invoke any extensions.

28   42. On March 20, 2025, the statutory period for an agency response to the First Request expired.

COMPLAINT – PAGE 6

43. As of March 20, 2025, DOJ did not make an initial "determination," did not produce any responsive agency records to Plaintiff, and did not communicate the scope of the documents it intended to produce and its reasons for withholding any documents.

44. On March 20, 2025, Plaintiff sent a follow-up message asking DOJ to "let me know when I can expect to receive a response, or if further clarification is needed." This message is attached as Exhibit F.

45. In a letter dated March 26, 2025, DOJ stated that "a search has been conducted of the electronic database of the Office of the Executive Secretariat, which maintains official records for the Office of the Attorney General, and no records responsive to your request were located." The letter is attached as Exhibit G.

46. DOJ's response was in error. As stated in the foregoing paragraphs, the Attorney General created the requested records and sent them from DOJ to at least two companies on or before February 13, 2025.

47. On March 28, 2025, Plaintiff called DOJ's FOIA Public Liaison office at 202-514-3642 two times, at 11:43 AM and at 11:44 AM Pacific Time. However, the phone line was not answered by anyone.

**Appeal of Response to First FOIA Request**

48. On April 1, 2025, Plaintiff filed an administrative appeal ("Appeal" or "FOIA Appeal") to the DOJ's Office of Information Policy, citing specific reasons why the requested records exist at DOJ. The FOIA Appeal complied with DOJ's requirements and is attached as Exhibit H.

49. On April 1, 2025, DOJ confirmed that "the Office of Information Policy of the U.S. Department of Justice received your administrative appeal from the action of the Office of Information Policy regarding Request No. FOIA-2025-02723 on 04/01/2025." DOJ assigned the Appeal a control number, A-2025-01185. The agency's confirmation of receipt is attached as Exhibit I.

50. Absent "unusual circumstances," FOIA requires that agencies make a determination with respect to an appeal within twenty working-days of its receipt by the agency. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

51. In its confirmation of receipt, DOJ did not invoke "unusual circumstances" and did not invoke any extensions.

52. On April 30, 2025, the statutory period for an agency response to the Appeal expired.

53. DOJ thus far has failed to make any "determination" or decision on the Appeal.

54. DOJ thus far has failed to produce any responsive agency records to Plaintiff or to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

**Second FOIA Request**

COMPLAINT – PAGE 7

55. On April 1, 2025, Plaintiff filed a second FOIA request ("Second Request") with DOJ for "Any letters issued by the Attorney General pursuant to Section 2(c) of Executive Order 14166" and "Any written guidance issued by the Attorney General pursuant to Section 2(b) of Executive Order 14166." The FOIA Request complied with DOJ's FOIA requirements and is attached as Exhibit J.

56. Plaintiff directed the Second Request specifically to DOJ's Mail Referral Unit ("MRU") and requested that the MRU "forward this request to all DOJ components likely to have responsive records."

57. On April 4, 2025, DOJ MRU confirmed that Plaintiff's Second Request was "was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice" and that MRU has "referred your request to the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records." MRU assigned the Second Request a control number, EMRUFOIA040125-7. The agency's confirmation is attached as Exhibit K.

58. On April 30, 2025, DOJ's Office of Information Policy ("OIP") confirmed that Plaintiff's Second Request was "received in this Office on April 4, 2025." DOJ assigned the Second Request a control number, FOIA-2025-03679. The agency's confirmation of receipt is attached as Exhibit L.

59. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

60. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days. *See* 5 U.S.C. § 552(a)(6)(B)(i).

61. In its confirmation of receipt, DOJ did not invoke "unusual circumstances" and did not invoke any extensions.

62. On May 5, 2025, the statutory period for an agency response to the Second Request expired.

63. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. *See* 5 U.S.C. § 552(a)(6)(C)(i).

64. DOJ thus far has failed to make an initial "determination," has failed to produce any responsive agency records to Plaintiff, and has failed to communicate the scope of the documents it intended to produce and its reasons for withholding any documents.

**Third FOIA Request**

65. On April 6, 2025, Plaintiff filed a third FOIA request ("Third Request") with DOJ. The Third Request states that "On April 6, 2025, Bloomberg reported that 'Apple Inc ... on Saturday [April 5, 2025] received a letter

COMPLAINT – PAGE 8

from Attorney General Pam Bondi telling the company it should follow President Donald Trump's executive order that will extend the pause on a TikTok ban in the US, according to people with knowledge of the matter.'" The Third Request attached an excerpt of the article and provided a link to the source. The Third Request then asked for "The April 2025 letter about TikTok from DOJ to Apple Inc, described above," and "Any similar April 2025 letters about TikTok from DOJ to Alphabet Inc. or its subsidiary Google LLC." The FOIA Request complied with DOJ's FOIA requirements and is attached as Exhibit M.

66. Plaintiff directed the Third Request specifically to DOJ's Mail Referral Unit ("MRU") and requested that the MRU "refer this request to all of the DOJ components likely to have responsive records."

67. On April 7, 2025, DOJ MRU confirmed that Plaintiff's Third Request was "was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ)" and that MRU has "referred your request to the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records." MRU assigned the Third Request a control number, EMRUFOIA040625-1. The agency's confirmation is attached as Exhibit N.

68. On April 8, 2025, DOJ's Office of Information Policy ("OIP") confirmed that Plaintiff's Third Request was "received in this Office on April 7, 2025." DOJ assigned the Third Request a control number, FOIA-2025-03693. The agency's confirmation of receipt is attached as Exhibit O.

69. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

70. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days. *See* 5 U.S.C. § 552(a)(6)(B)(i).

71. In its confirmation of receipt, DOJ did not invoke "unusual circumstances" and did not invoke any extensions.

72. On May 6, 2025, the statutory period for an agency response to the Third Request expired.

73. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. *See* 5 U.S.C. § 552(a)(6)(C)(i).

74. DOJ thus far has failed to make an initial "determination," has failed to produce any responsive agency records to Plaintiff, and has failed to communicate the scope of the documents it intended to produce and its reasons for withholding any documents.

COMPLAINT – PAGE 9

**CLAIMS FOR RELIEF**

**COUNT ONE**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**for Failure to Conduct an Adequate Search for Responsive Records**

75. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

76. Defendant is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to the Plaintiff's FOIA requests.

77. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

78. Defendant's failure to conduct a reasonable search for records responsive to Plaintiff's requests violates, at a minimum, 5 U.S.C. § 552(a)(3)(C) and the regulations promulgated thereunder.

**COUNT TWO**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**for Failure to Disclose Responsive Records**

79. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

80. Defendant is obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to Plaintiff's FOIA requests.

81. Plaintiff has a legal right to obtain such records, and no legal basis exists for the Defendant's failure to disclose them.

82. Defendant is wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA requests and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA requests.

83. The Defendant's failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

**COUNT THREE**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**for Failure to Respond Within Time Required**

84. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

COMPLAINT – PAGE 10

85. Under FOIA, Defendant is required to respond to Plaintiff's FOIA requests and appeals and to notify Plaintiff of the agency's determination within twenty working days after receiving a request or appeal. 5 U.S.C. § 552(a)(6)(A), (6)(B).

86. Defendant's failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i), (6)(A)(ii).

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Plaintiff respectfully requests that this Court:

    a.    Assume jurisdiction in this matter and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

    b.    Order the Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA requests in accordance with 5 U.S.C. § 552(a)(3)(C);

    c.    Declare that Defendant's failure to make a timely determination with regard to Plaintiff's requests and appeal violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), (6)(A)(ii) and (6)(B);

    d.    Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(3)(A);

    e.    Order the Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

    f.    Award the Plaintiff reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), and any other applicable statute or regulation; and

    g.    Grant such other relief as the Court may deem just, equitable, and appropriate.

Dated: May 7, 2025                Respectfully submitted,

                                      */s/ Zhaocheng Anthony Tan*
                                      ZHAOCHENG ANTHONY TAN
                                      *Pro Se Plaintiff*

COMPLAINT – PAGE 11

# Exhibit A

**The New York Times** | https://www.nytimes.com/2025/02/13/technology/tiktok-apple-google-app-stores.html

# *TikTok Returns to Apple and Google App Stores*

The popular social media app was removed to comply with a new law that banned it in the United States. President Trump has paused enforcement of the ban.

 ▶ **Listen to this article · 4:48 min**  Learn more

   **By Sapna Maheshwari, Tripp Mickle and Nico Grant**

Feb. 13, 2025

> **Sign up for the On Tech newsletter.**  Get our best tech reporting from the week. <u>Get it sent to your inbox.</u>

Apple and Google restored TikTok to their U.S. app stores on Thursday evening, several weeks after they removed the Chinese-owned video platform to comply with a new law that banned it in the country.

Last month, President Trump tried to pause enforcement of the TikTok ban with an executive order. But Apple and Google were reluctant to bring TikTok back until they were certain they were not breaking the law.

Apple and Google had recently received letters from the Justice Department assuring them that they would not face fines for carrying TikTok in their app stores, said two people with knowledge of the communications, who were not authorized to speak publicly. The executive order that Mr. Trump signed last month asked that "written guidance" be sent.

The law, signed last year by President Joseph R. Biden, had called for TikTok's parent company, ByteDance, to sell the app to a non-Chinese owner by Jan. 19. Federal lawmakers were concerned that TikTok's Chinese ties made it a national security threat. The law targeted app store operators and internet hosting companies with steep financial penalties if they distributed or maintained TikTok.

Mr. Trump's executive order, which told the Justice Department to refrain from enforcing the law for 75 days while his administration pursued a resolution, prompted confusion among technology companies. While Apple and Google kept TikTok out of their app stores, companies like Oracle, which provided back-end technology support for the app, resumed working with it after a brief shutdown in January.

Apple and Google did not comment beyond saying they had reinstated the app. TikTok and a spokesman for the Justice Department declined to comment.

TikTok's return to the app stores means it is now back to operating as it always did in the United States. That has raised questions about whether Mr. Trump is abiding by the rule of law or putting executive power first, with some experts saying that conflict represents the beginnings of a constitutional crisis. The Supreme Court unanimously upheld the law last month.

"If we get to 75 days without a deal and Trump says we'll continue to not enforce it, we will very much be in a crisis," said Lindsay Gorman, the managing director of the technology program at the German Marshall Fund and a former tech

adviser for the Biden administration. "Then we're getting to bigger issues than just about TikTok but about the relationship between the executive and legislative branches."

On Thursday, Mr. Trump suggested that he might extend his nonenforcement of the law banning TikTok.

"I have 90 days from about two weeks ago, and I'm sure it can be extended, but let's see," he said, appearing to misquote the time period stated in his executive order. "We have a lot of people interested in TikTok."

Lawmakers and intelligence officials have long argued that ByteDance could hand over sensitive U.S. user data — like location information — to Beijing. They have also claimed that China could use TikTok's content recommendations to fuel misinformation.

TikTok has rejected such concerns and said there was no public evidence that either situation had occurred in the United States.

Since the law went into effect last month, TikTok — which claims 170 million U.S. users — has remained largely unaffected on American phones that had already downloaded the app. Still, some TikTok creators have complained of glitches that they believed were tied to the app's absence from app stores. That includes issues with livestreaming and digital coins on TikTok that users can buy and give to creators they like.

Mr. Trump promised to save TikTok during his campaign and has said he will help orchestrate a deal for the company that will keep it in the United States. But it is unclear how his administration will do that under the constraints of the law, which calls for a sale and says a person or people in China cannot hold, directly or indirectly, more than 20 percent of TikTok.

ByteDance has said for years that it cannot sell the app, in part because the Chinese government would not allow the export of TikTok's all-important algorithm.

On Tuesday, TikTok executives told creators in a briefing call that it was optimistic that Apple and Google would soon reinstate the app, said H. Lee Justine, a TikTok creator and author, who was on the call.

"They said that the administration had given them a lot of information that they wouldn't be penalized and that they were really hopeful that any day now they would put it back in the app stores," she said in an interview. "It makes me very hopeful that they felt that they could do this because hopefully this means that long term there's not going to be issues and this will work out."

David McCabe contributed reporting.

**Sapna Maheshwari** reports on TikTok, technology and emerging media companies. She has been a business reporter for more than a decade. Contact her at sapna@nytimes.com. More about Sapna Maheshwari

**Tripp Mickle** reports on Apple and Silicon Valley for The Times and is based in San Francisco. His focus on Apple includes product launches, manufacturing issues and political challenges. He also writes about trends across the tech industry, including layoffs, generative A.I. and robot taxis. More about Tripp Mickle

**Nico Grant** reports on Alphabet's Google and YouTube as well as the corporate culture of Silicon Valley. He is based in San Francisco. More about Nico Grant

A version of this article appears in print on , Section B, Page 1 of the New York edition with the headline: App Stores Have TikTok Again in U.S.

# POLITICO

**TECHNOLOGY**

## Google and Apple restore TikTok to app stores

Apple restored the app after Attorney General Pam Bondi sent a letter to the company assuring it will not face fines for violating a law that banned the video-sharing platform last month, according to a person familiar with the correspondence.



TikTok returned to Google and Apple app stores for U.S. users Thursday. | Michael M. Santiago/Getty Images

By **JOSH GERSTEIN** and **CHRISTINE MUI**
02/13/2025 08:52 PM EST
Updated: 02/13/2025 08:53 PM EST



TikTok returned to Google and Apple app stores for U.S. users Thursday.

Apple restored the app after Attorney General Pam Bondi sent a letter to the company assuring it will not face fines for violating a law that banned the video-sharing platform last month, according to a person familiar with the correspondence. A Google spokesperson did not give a reason for why the app was restored.

Both companies took the app off their online stores after a ban on TikTok took effect in the U.S. on Jan. 19. Apple and Google had kept TikTok unavailable for downloads even after President Donald Trump signed an executive order promising his administration would not enforce the law for 75 days.

The order also directed the attorney general to "issue a letter to each provider stating that there has been no violation of the statute and that there is no liability." Bondi was sworn in last Wednesday.

The app has remained online aside from a short takedown, with cloud providers Oracle and Akamai Technologies servicing it.

Earlier Thursday, Trump said he's still working on a deal to engineer a sale of TikTok from its Beijing-based parent company ByteDance. In recent weeks, the president has floated multiple ideas including buying the app with a new U.S. sovereign wealth fund and entering a joint venture that could result in the American government owning a piece of TikTok alongside ByteDance.

The Justice Department and TikTok did not immediately respond to requests for comment.

*CORRECTION: A previous version of this story said Bondi was confirmed Wednesday as attorney general. She was sworn in Wednesday.*

# Apple, Google Restore TikTok App After Assurances From Trump

## Companies had removed the app to abide by US legislation Trump signed executive order to delay a potential ban

Mark Gurman    February 13, 2025 at 5:20 PM PST

Apple Inc. and Alphabet Inc.'s Google are restoring ByteDance Ltd.'s TikTok to their app stores on Thursday following assurances in a letter from US Attorney General Pam Bondi that a ban wouldn't immediately be enforced.

The two companies had removed TikTok in the US last month to comply with a law passed in 2024. In a Jan. 20 executive order, Trump said he instructed the attorney general "not to take any action to enforce the act for a period of 75 days from today to allow my administration an opportunity to determine the appropriate course forward."

# Exhibit B

# Apple Keeps TikTok on Its Store After Assurances from AG Bondi

**Mark Gurman**    April 6, 2025 at 10:18 AM PDT

In February, Apple Inc. restored TikTok to its app store.

*Photographer: Gabby Jones/Bloomberg*

Apple Inc., following assurances from the Trump administration, is keeping TikTok and other apps from ByteDance Ltd. on its US App Store for at least another 75 days.

The iPhone maker on Saturday received a letter from Attorney General Pam Bondi telling the company it should follow President Donald Trump's executive order that will extend the pause on a TikTok ban in the US, according to people with knowledge of the matter. An Apple spokesperson declined to comment.

# Exhibit C

# United States Senate

March 24, 2025

The Honorable Donald Trump
President of the United States of America
The White House
1600 Pennsylvania Ave., NW
Washington, DC 20500

Dear President Trump,

We write to urge you to provide additional information on any efforts to keep TikTok online in the United States and to ensure that your Administration works with Congress on any potential resolutions to the TikTok ban. Although we continue to oppose the TikTok ban, it is unacceptable and unworkable for your Administration to continue ignoring the requirements in the law, as you did in January by extending the divestment deadline to April 5. With that April deadline approaching, TikTok's creators deserve a real solution — not more legal uncertainty. We urge you to work with Congress to ensure that TikTok remains online in the United States.

The language in the TikTok ban — formally known as the *Protecting Americans' Data from Foreign Adversaries Act* — necessitates additional work with Congress to ensure that TikTok remains online in the United States. Under the law, ByteDance had until January 19 to either divest TikTok or face a ban in the United States.[1] Neither you nor former President Joe Biden chose to trigger the 90-day extension of the deadline in the statute.[2] Instead, in an executive order, you directed the Department of Justice to not enforce the law for 75 days.[3] This prescribed non-enforcement of the TikTok ban was not only unlawful but also raised serious questions about TikTok's future, as the law imposes liability — up to $850 billion — on companies for facilitating TikTok's continued operations in the United States, such as Oracle for providing cloud computing services to TikTok and Apple and Google for distributing TikTok in their respective app stores.[4] Moreover, the statute of limitations for violations of the Act is five years.[5] As a result, even if Oracle, Apple, or Google were confident that your executive order would protect them from ruinous legal liability for violating the TikTok ban during the 75-day period, a future administration could reverse that decision. In other words, the effectiveness of your executive order rested on the risk tolerance of these companies.[6]

This dynamic was clear in January. Oracle was apparently willing to take on the legal risks by continuing to provide cloud services to TikTok.[7] Apple and Google, however, initially came to a different decision and refused to reinstate TikTok in their app stores. But three weeks

---

[1] Protecting Americans' Data from Foreign Adversaries Act of 2024, 15 U.S.C. § 9901 (note).
[2] *Id.*
[3] Exec. Order No. 14,166, 90 Fed. Reg. 8,611 (Jan. 30, 2025).
[4] Protecting Americans' Data from Foreign Adversaries Act of 2024, 15 U.S.C. § 9901 (note).
[5] *Id.*
[6] *See, e.g.,* Alan Z. Rozenshtein, *Trump's TikTok Executive Order and the Limits of Executive Non-Enforcement*, Lawfare (Jan. 21, 2025), https://www.lawfaremedia.org/article/trump's-tiktok-executive-order-and-the-limits-of-executive-non-enforcement.

President Donald Trump
March 24, 2025
Page 2

later, after receiving a formal letter from the U.S. Department of Justice expressing its commitment to not enforce the Act, the two companies reversed course and restored TikTok to their respective app stores.[8] For the moment, then, TikTok remains online and available in app stores throughout the United States. This uncertainty is an outgrowth of the unlawful manner by which you extended the TikTok divestment deadline and demonstrates the difficulties with further unilateral executive efforts to circumvent the TikTok ban.

Although your unlawful executive order has maintained TikTok during the 75-day period, this strategy could become increasingly ineffective over time. To the extent that you continue trying to delay the divestment deadline through executive orders, any further extensions of the TikTok deadline will require Oracle, Apple, Google, and other companies to continue risking ruinous legal liability, a difficult decision to justify in perpetuity. On the other hand, if your Administration works to complete a deal with Oracle — under which Oracle would reportedly take a small stake in TikTok and provide certainty about the security of TikTok's user data[9] — such a deal would almost certainly not satisfy the Act's requirements around a qualified divestiture.[10] Even with the broad discretion granted to the president under the Act to determine whether a transaction constitutes a qualified divestiture, companies will still need to take a legal risk to keep TikTok online.[11] In other words, after April 5, TikTok will remain dependent on the risk tolerance of Oracle, Apple, Google, and other companies.

There is a better solution: Work with Congress. We have previously introduced legislation — the *Extend the TikTok Deadline Act*[12] — that would extend the TikTok deadline to October 16, 2025, but Senate Republicans blocked passage of our bill.[13] If you need additional time to complete a deal, we urge you to direct Senate Republicans to pass our legislation and provide the companies with legal certainty to keep TikTok online and in the app stores over the next few months. If you intend to proceed with the reported Oracle deal, we urge you to work with Congress to propose modifications to the *Protecting Americans' Data from Foreign Adversaries Act* to ensure that any Oracle deal prevents TikTok from going dark. Regardless of your approach, the path to saving TikTok should run through Capitol Hill.

Without any further action from Congress, the 170 million Americans that rely on TikTok will continue to face uncertainty about TikTok's future. Creators will continue to fear that the platform could disappear at any moment. This situation is unfair and unworkable. We

---

[7] *See, e.g.*, Lauren Feiner, *TikTok's service providers still risk billions in penalties for bringing it back online*, The Verge (Jan. 19, 2025), https://www.theverge.com/2025/1/19/24347325/tiktok-service-providers-penalties-apple-google-orcale-trump.

[8] *See, e.g.*, Sapna Maheshwari et al., *TikTok Returns to Apple and Google App Stores*, N.Y. Times (Feb. 13, 2025), https://www.nytimes.com/2025/02/13/technology/tiktok-apple-google-app-stores.html.

[9] Dasha Burns et al., *White House seriously considering deal from Oracle to run TikTok*, Politico (March 16, 2025), https://www.politico.com/news/2025/03/16/white-house-oracle-tiktok-00232302.

[10] Protecting Americans' Data from Foreign Adversaries Act of 2024, 15 U.S.C. § 9901 (note).

[11] *See* Alan Z. Rozenshtein, *Can Trump Save TikTok?*, Lawfare (Nov. 12, 2024), https://www.lawfaremedia.org/article/can-trump-save-tiktok.

[12] Extend the TikTok Deadline Act, S. 103, 119th Cong. (2025).

[13] Press Release, Senator Tom Cotton, Cotton Blocks Democrats' Attempt to Extend TikTok Ban Deadline (Jan. 15, 2025), https://www.cotton.senate.gov/news/speeches/icymi-cotton-objects-to-tiktok-ban-extension.

President Donald Trump
March 24, 2025
Page 3

urge you to stand up for TikTok's users and use your immense influence over congressional Republicans to demand a long-term solution to the TikTok ban.

      To further understand potential legislative action needed by April 5, we request that you respond in writing to the following questions by March 28, 2025.

1. Is your Administration considering further extending the TikTok divestment deadline by executive order? If so, please identify the statutory basis for such an extension.

2. Are news reports accurate that your Administration is considering a potential deal with Oracle under which Oracle would take a stake in TikTok and provide certainty about the security of TikTok's user data?

   a. If so, please describe the details of this potential deal.

   b. If so, please describe how this deal would satisfy the requirements in the *Protecting Americans' Data from Foreign Adversaries Act*.

3. Does your Administration believe that any further legislative action is necessary to ensure that TikTok remains online in the United States?

   a. If not, please describe why not.

   b. If so, please identify any needed legislative action.

Thank you for your prompt attention to this important issue.

      Sincerely,

Edward J. Markey
United States Senator

Chris Van Hollen
United States Senator

Cory A. Booker
United States Senator

# Exhibit D

**From: Anthony Tan**

02/19/2025    Portal

**Subject: Freedom of Information Act Request: Attorney General Letters Implementing Executive Order 14166 Application of PAFACA Act to TikTok**

To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following records:

1. Any letters issued by the Attorney General pursuant to Section 2(c) of Executive Order 14166 of January 20, 2025, "Application of Protecting Americans From Foreign Adversary Controlled Applications Act to TikTok."

2. Any written guidance issued by the Attorney General pursuant to Section 2(b) of Executive Order 14166 of January 20, 2025, "Application of Protecting Americans From Foreign Adversary Controlled Applications Act to TikTok."

The requested documents will be made available to the general public, and this request is not being made for commercial purposes.

In the event that there are fees, I am willing to pay fees for this request up to a maximum of $200. If you estimate that the fees will exceed this limit, I would be grateful if you would inform me of the total charges in advance of fulfilling my request.

I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Anthony Tan

Executive_Order_14166.pdf

⊙ View    ‹/› Embed    ⬇ Download

# Exhibit E



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

February 21, 2025

Anthony Tan
MuckRock News
263 Huntington Avenue
Boston, MA  02115
181674-59127253@requests.muckrock.com          Re:     FOIA-2025-02723

Dear Anthony Tan:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request
dated and received in this Office on February 19, 2025, seeking records concerning Executive
Order 14116, Application of Protecting Americans From Foreign Adversary Controlled
Applications Act to TikTok.

For your information, we use multiple tracks to process requests, but within those
tracks we work in an agile manner, and the time needed to complete our work on your request
will necessarily depend on a variety of factors, including the complexity of our records search,
the volume and complexity of any material located, and the order of receipt of your request.
At this time we have assigned your request to the simple track.

Please be advised that the records search options available are dynamic and can be
adjusted according to the types of records you are seeking.  In general, there are five categories
of records search options available to you:

| 1 | Official Correspondence | This category includes final, signed communications, memoranda, policies, and guidelines. |
|---|---|---|
| 2 | Emails and Attachments | This category includes emails sent or received by Department officials and records attached thereto. |
| 3 | Calendars | This category includes the electronic calendar of Department officials. |
| 4 | Standalone Documents | This category includes both electronic computer records and non-electronic (i.e. paper) records of Department officials to the extent that such records were not attached to an email[1]. |
| 5 | Classified Records | This category includes both electronic and non-electronic (i.e. paper) classified records maintained by Department |

---

[1] This category does not include Official Correspondence (i.e. category 1 records).

-2-

officials.

The time required to complete our records search will vary significantly depending on the types of records that need to be searched in order to fulfill your request. Furthermore, there are distinct and significant differences between the search time required to complete certain categories of records searches. For example, a records search focused on category 1 records (Official Correspondence) requires the least amount of time to complete. A records search seeking records from categories 2 and/or 3 requires significantly more time than that of category 1. Whereas a search seeking records from categories 4 and/or 5 is the most time-consuming search option and requires substantially more time to complete than a search focused on records of categories 2 and/or 3.

Additional factors, including the timeframe of your request and the number of Department officials who need to be searched in order to fulfill your request, can make a substantial difference in the time it takes to complete our records search. Generally speaking, requests seeking records prior to January 20, 2017, will require additional search time, and the more Department officials that are subject to the records search, the longer it will take to complete.

At this time and in an effort to facilitate our response to your request, we are focusing our records search on official correspondence (i.e. category 1) that may be responsive to your request. Based on our experience, the vast majority of records responsive to FOIA requests consist of category 2 records, and it is not common for there to be standalone documents (category 4) that are not also located as attachments to emails. If you are interested in either adding additional categories of records to your search or focusing your search on records other than category 1, please notify this Office as soon as possible. You may also agree to an alternative formulation of your request, including a different scope or date range. Please include the administrative tracking number associated with this request in all your correspondence.

Any decision with regard to the application of fees or any request for a fee waiver will be made only after we determine whether fees will be implicated for this request.

We regret the necessity of this delay, but we assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss the processing of your request, you may contact this Office by telephone at the above number, by e-mail at doj.oip.foia@usdoj.gov, or you may write to the Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001. Lastly, you may contact our FOIA Public Liaison, Valeree Villanueva, at the telephone number listed above to discuss any aspect of your request.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601

-3-

Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at
202-741-5770; toll free at 1-877-684-6448.

Sincerely,
Initial Request Staff
Office of Information Policy
U.S. Department of Justice

# Exhibit F

**From: Anthony Tan**                                          **03/20/2025**

**Subject: RE: Freedom of Information Act Request #FOIA-2025-02723**          Portal

To Whom It May Concern:

I wanted to follow up on the following Freedom of Information request, copied below, and originally submitted on February 19, 2025. Please let me know when I can expect to receive a response, or if further clarification is needed. You had assigned it reference number #FOIA-2025-02723.

Thanks for your help, and let me know if further clarification is needed.

# Exhibit G



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

March 26, 2025

Anthony Tan
MuckRock News
263 Huntington Avenue
Boston, MA  02115                          Re:     FOIA-2025-02723
181674-59127253@requests.muckrock.com              DRH:ERH

Dear Anthony Tan:

        This responds to your Freedom of Information Act (FOIA) request dated and received
in this Office on February 19, 2025, seeking records concerning Executive Order 14166,
Application of Protecting Americans From Foreign Adversary Controlled Applications Act to
TikTok.

        Please be advised that a search has been conducted of the electronic database of the
Office of the Executive Secretariat, which maintains official records for the Office of the
Attorney General, and no records responsive to your request were located.

        For your information, Congress excluded three discrete categories of law enforcement
and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c)
(2018).  This response is limited to those records that are subject to the requirements of the
FOIA.  This is a standard notification that is given to all our requesters and should not be taken
as an indication that excluded records do, or do not, exist.

        You may contact our FOIA Public Liaison, Valeree Villanueva, for any further
assistance and to discuss any aspect of your request at: Office of Information Policy, United
States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001;
telephone at 202-514-3642.

        Additionally, you may contact the Office of Government Information Services (OGIS)
at the National Archives and Records Administration to inquire about the FOIA mediation
services they offer.  The contact information for OGIS is as follows:  Office of Government
Information Services, National Archives and Records Administration, Room 2510, 8601
Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-
5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

        If you are not satisfied with this Office's determination in response to this request, you
may administratively appeal by writing to the Director, Office of Information Policy, United
States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or
you may submit an appeal through OIP's FOIA STAR portal by creating an account following

-2-

the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

Sincerely,

Douglas R. Hibbard
Chief, Initial Request Staff

# Exhibit H

**From: Anthony Tan**                                                                                04/01/2025

**Subject: RE: Freedom of Information Act Request #FOIA-2025-02723**                                    Portal

To Whom It May Concern:

This is an appeal under the Freedom of Information Act. On February 19, 2025, I requested the following records from the Department of Justice, Office of the Attorney General ("your agency"):

1. Any letters issued by the Attorney General pursuant to Section 2(c) of Executive Order 14166 of January 20, 2025, "Application of Protecting Americans From Foreign Adversary Controlled Applications Act to TikTok."
2. Any written guidance issued by the Attorney General pursuant to Section 2(b) of Executive Order 14166 of January 20, 2025, "Application of Protecting Americans From Foreign Adversary Controlled Applications Act to TikTok."

Your agency assigned the following reference number to my request: FOIA-2025-02723.

On March 26, 2025, Douglas R. Hibbard, Chief of Initial Request Staff at the U.S. Department of Justice, Office of Information Policy, informed me that "no records responsive to your request were located."

I appeal your agency's response because it is in error. The requested records exist at your agency for the following reasons:

(1) Executive Order 14166 of January 20, 2025 required your agency to issue the letter that I am requesting. Specifically, Section 2 Paragraph (c) of the Executive Order required "the Attorney General to issue a letter to each provider stating that there has been no violation of the statute and that there is no liability for any conduct that occurred during the above-specified period, as well as for any conduct from the effective date of the Act until the issuance of this Executive Order."

(2) The existence of the requested letter from your agency is widely reported in the news. Specifically:

The New York Times: "Apple and Google had recently received letters from the Justice Department assuring them that they would not face fines for carrying TikTok in their app stores, said two people with knowledge of the communications." (https://www.nytimes.com/2025/02/13/technology/tiktok-apple-google-app-stores.html)

Bloomberg: "Apple Inc. and Alphabet Inc.'s Google are restoring ByteDance Ltd.'s TikTok to their app stores on Thursday following assurances in a letter from US Attorney General Pam Bondi that a ban wouldn't be immediately enforced." (https://www.bloomberg.com/news/articles/2025-02-14/apple-to-restore-tiktok-to-us-app-store-following-justice-department-letter)

Politico: "Apple restored the app after Attorney General Pam Bondi sent a letter to the company assuring it will not face fines for violating a law that banned the video-sharing platform last month, according to a person familiar with the correspondence." (https://www.politico.com/news/2025/02/13/google-apple-restore-tiktok-00204271)

Based on the above, your agency possesses the records that I am requesting, and your agency is required to produce these records.

Thank you for your consideration of this appeal. I look forward to receiving your response to this appeal within 20 business days, as the statute requires.

Sincerely,
Anthony Tan


Apple_to_Restore_TikTok_to_US_App_Store_After_Letter_From_Trump_Administration_-_Bloomberg.pdf
⊙ View    </> Embed    ⤓ Download


Google_and_Apple_restore_TikTok_to_app_stores_-_POLITICO.pdf
⊙ View    </> Embed    ⤓ Download


Apple_and_Google_Restore_TikTok_to_App_Stores_in_the_U.S._-_The_New_York_Times.pdf
⊙ View    </> Embed    ⤓ Download


04. Final Response (3.26.25)
⊙ View    </> Embed    ⤓ Download

# Exhibit I



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

April 01, 2025

181674-59127253@requests.muckrock.com

Dear Anthony Tan:

This is to advise you that the Office of Information Policy of the U.S. Department of Justice received your administrative appeal from the action of the Office of Information Policy regarding Request No. FOIA-2025-02723 on 04/01/2025.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2025-01185. Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at 202-514-3642. If you have submitted your appeal through Freedom of Information Act STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

# Exhibit J

**From: Anthony Tan**                                                                                                                                                          04/01/2025

**Subject: Freedom of Information Act Request: Attorney General Letter Implementing Executive Order 14166 Application of PAFACA Act to TikTok**                              **Email**

To Whom It May Concern:

This is a request to the DOJ Mail Referral Unit. Please forward this request to all DOJ components likely to have responsive records. In a previous request to OAG, OIP said OAG could locate "no records." (See FOIA-2025-02723.)

Pursuant to the Freedom of Information Act, I hereby request the following records:

1. Any letters issued by the Attorney General or the Department of Justice pursuant to Section 2(c) of Executive Order 14166 of January 20, 2025, "Application of Protecting Americans From Foreign Adversary Controlled Applications Act to TikTok."
2. Any written guidance issued by the Attorney General or the Department of Justice pursuant to Section 2(b) of Executive Order 14166 of January 20, 2025, "Application of Protecting Americans From Foreign Adversary Controlled Applications Act to TikTok."

The requested documents will be made available to the general public, and this request is not being made for commercial purposes.

In the event that there are fees, I am willing to pay fees for this request up to a maximum of $200. If you estimate that the fees will exceed this limit, I would be grateful if you would inform me of the total charges in advance of fulfilling my request.

I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.

Please note that the requested records exist at your agency for the following reasons:

(1) Executive Order 14166 of January 20, 2025 required your agency to issue the letter that I am requesting. Specifically, Section 2 Paragraph (c) of the Executive Order required "the Attorney General to issue a letter to each provider stating that there has been no violation of the statute and that that there is no liability for any conduct that occurred during the above-specified period, as well as for any conduct from the effective date of the Act until the issuance of this Executive Order."

(2) The existence of the requested letter from your agency is widely reported in the news. Specifically:

The New York Times: "Apple and Google had recently received letters from the Justice Department assuring them that they would not face fines for carrying TikTok in their app stores, said two people with knowledge of the communications." (https://www.nytimes.com/2025/02/13/technology/tiktok-apple-google-app-stores.html)

Bloomberg: "Apple Inc. and Alphabet Inc.'s Google are restoring ByteDance Ltd.'s TikTok to their app stores on Thursday following assurances in a letter from US Attorney General Pam Bondi that a ban wouldn't immediately be enforced." (https://www.bloomberg.com/news/articles/2025-02-14/apple-to-restore-tiktok-to-us-app-store-following-justice-department-letter)

Politico: "Apple restored the app after Attorney General Pam Bondi sent a letter to the company assuring it will not face fines for violating a law that banned the video-sharing platform last month, according to a person familiar with the correspondence." (https://www.politico.com/news/2025/02/13/google-apple-restore-tiktok-00204271)

Based on the above, your agency possesses the records that I am requesting, and your agency is required to produce these records.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Anthony Tan

---

Apple_and_Google_Restore_TikTok_to_App_Stores_in_the_U.S._-_The_New_York_Times.pdf

👁 View   ⟨⁄⟩ Embed   ⬇ Download

---

Executive_Order_14166.pdf

👁 View   ⟨⁄⟩ Embed   ⬇ Download

---

Apple_to_Restore_TikTok_to_US_App_Store_After_Letter_From_Trump_Administration_-_Bloomberg.pdf

👁 View   ⟨⁄⟩ Embed   ⬇ Download

# Exhibit K

**U.S. Department of Justice**



*Washington, D.C. 20530*

April 5, 2025

Anthony Tan
MuckRock News
DEPT MR 184300
263 Huntington Ave
Boston, MA 02115

Dear Sir/Madam:

This is in response to your request for records, Tracking Number, EMRUFOIA040125-7.  Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ).   Federal agencies are required to respond to a FOIA request within 20 business days.   This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought, or ten business days after the request is received in this office, whichever is earlier.

We have referred your request to the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records. All future inquiries concerning the status of your request should be addressed to the office(s) listed below:

> FOIA/PA
> Office of Information Policy
> Department of Justice
> 441 G St, NW
> 6th Floor
> Washington, DC   20530-0001
> (202) 514-FOIA

Sincerely,

MRUFOIA
Logistics Management
Facilities and Administrative Services Staff
Justice Management Division

# Exhibit L



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

April 30, 2025

Anthony Tan
MuckRock News
263 Huntington Avenue
Boston, MA  02115
184300-27077014@requests.muckrock.com        Re:    FOIA-2025-03679

Dear Anthony Tan:

     This is to acknowledge receipt of your Freedom of Information Act (FOIA) request
dated April 1, 2025, and received in this Office on April 4, 2025, seeking records concerning
Section 2 of Executive Order 14166, Application of Protecting Americans From Foreign
Adversary Controlled Applications Act to TikTok." Your request was originally received by
the FOIA/PA Mail Referral Unit (MRU), Justice Management Division, who forwarded it to
this Office for further processing.  The MRU tracking number associated with this request is
EMRUFOIA040125-7.

     For your information, we use multiple tracks to process requests, but within those
tracks we work in an agile manner, and the time needed to complete our work on your request
will necessarily depend on a variety of factors, including the complexity of our records search,
the volume and complexity of any material located, and the order of receipt of your request.
At this time we have assigned your request to the simple track.

     Please be advised that the records search options available are dynamic and can be
adjusted according to the types of records you are seeking.  In general, there are five categories
of records search options available to you:

| 1 | Official Correspondence | This category includes final, signed communications, memoranda, policies, and guidelines. |
|---|---|---|
| 2 | Emails and Attachments | This category includes emails sent or received by Department officials and records attached thereto. |
| 3 | Calendars | This category includes the electronic calendar of Department officials. |
| 4 | Standalone Documents | This category includes both electronic computer records and non-electronic (i.e. paper) records of Department |

-2-

| | | officials to the extent that such records were not attached to an email[1]. |
|---|---|---|
| 5 | Classified Records | This category includes both electronic and non-electronic (i.e. paper) classified records maintained by Department officials. |

The time required to complete our records search will vary significantly depending on the types of records that need to be searched in order to fulfill your request. Furthermore, there are distinct and significant differences between the search time required to complete certain categories of records searches. For example, a records search focused on category 1 records (Official Correspondence) requires the least amount of time to complete. A records search seeking records from categories 2 and/or 3 requires significantly more time than that of category 1. Whereas a search seeking records from categories 4 and/or 5 is the most time-consuming search option and requires substantially more time to complete than a search focused on records of categories 2 and/or 3.

Additional factors, including the timeframe of your request and the number of Department officials who need to be searched in order to fulfill your request, can make a substantial difference in the time it takes to complete our records search. Generally speaking, requests seeking records prior to January 20, 2017, will require additional search time, and the more Department officials that are subject to the records search, the longer it will take to complete.

At this time and in an effort to facilitate our response to your request, we are focusing our records search on official correspondence (i.e. category 1) that may be responsive to your request. If you are interested in either adding additional categories of records to your search or focusing your search on records other than category 1, please notify this Office as soon as possible. You may also agree to an alternative formulation of your request, including a different scope or date range. Please include the administrative tracking number associated with this request in all your correspondence.

Any decision with regard to the application of fees or any request for a fee waiver will be made only after we determine whether fees will be implicated for this request.

We regret the necessity of this delay, but we assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss the processing of your request, you may contact this Office by telephone at the above number, by e-mail at doj.oip.foia@usdoj.gov, or you may write to the Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001. Lastly, you may contact our FOIA Public Liaison, Valeree Villanueva, at the telephone number listed above to discuss any aspect of your request.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation

---

[1] This category does not include Official Correspondence (i.e. category 1 records).

-3-

services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

Sincerely,
Initial Request Staff
Office of Information Policy
U.S. Department of Justice

# Exhibit M

**From: Anthony Tan**                                                      04/06/2025

**Subject: Freedom of Information Act Request: April 2025 Letters about TikTok from DOJ to Apple and Google**    `Email`

To Whom It May Concern:

This is a request to the Department of Justice (DOJ) Mail Referral Unit. Please refer this request to all of the DOJ components likely to have responsive records.

On April 6, 2025, Bloomberg reported that "Apple Inc ... on Saturday [April 5, 2025] received a letter from Attorney General Pam Bondi telling the company it should follow President Donald Trump's executive order that will extend the pause on a TikTok ban in the US, according to people with knowledge of the matter." Please refer to the attachment for an excerpt of the article, which is published at: https://www.bloomberg.com/news/articles/2025-04-06/apple-keeps-tiktok-on-its-store-after-assurances-from-ag-bondi/.

Pursuant to the Freedom of Information Act, I hereby request the following records:

1. The April 2025 letter about TikTok from DOJ to Apple Inc, described above.
2. Any similar April 2025 letters about TikTok from DOJ to Alphabet Inc. or its subsidiary Google LLC.

The requested documents will be made available to the general public, and this request is not being made for commercial purposes.

In the event that there are fees, I am willing to pay fees for this request up to a maximum of $200. If you estimate that the fees will exceed this limit, I would be grateful if you would inform me of the total charges in advance of fulfilling my request.

I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Anthony Tan

  Apple_AAPL_Keeps_TikTok_on_Its_Store_After_Assurances_from_AG_Bondi_-_Bloomberg.pdf

👁 View    </> Embed    ⬇ Download

# Exhibit N

**U.S. Department of Justice**



*Washington, D.C. 20530*

April 7, 2025

Anthony Tan
MuckRock News
DEPT MR 184541
263 Huntington Ave
Boston, MA 02115

Dear Sir/Madam:

This is in response to your request for records, Tracking Number, EMRUFOIA040625-1. Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ). Federal agencies are required to respond to a FOIA request within 20 business days. This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought, or ten business days after the request is received in this office, whichever is earlier.

We have referred your request to the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records. All future inquiries concerning the status of your request should be addressed to the office(s) listed below:

> FOIA/PA
> Office of Information Policy
> Department of Justice
> 441 G St, NW
> 6th Floor
> Washington, DC   20530-0001
> (202) 514-FOIA

Sincerely,

MRUFOIA
Logistics Management
Facilities and Administrative Services Staff
Justice Management Division

# Exhibit O



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

April 8, 2025

Anthony Tan
MuckRock news
263 Huntington Avenue
Boston, MA 02115
184541-81873224@requests.muckrock.com          Re:    FOIA-2025-03693

Dear Anthony Tan:

    This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated April 6, 2025, and received in this Office on April 7, 2025, seeking records concerning TikTok. Your request was originally received by the FOIA/PA Mail Referral Unit (MRU), Justice Management Division, who forwarded it to this Office for further processing. The MRU tracking number associated with this request is EMRUFOIA040625-1.

    For your information, we use multiple tracks to process requests, but within those tracks we work in an agile manner, and the time needed to complete our work on your request will necessarily depend on a variety of factors, including the complexity of our records search, the volume and complexity of any material located, and the order of receipt of your request. At this time we have assigned your request to the simple track.

    Please be advised that the records search options available are dynamic and can be adjusted according to the types of records you are seeking. In general, there are five categories of records search options available to you:

| 1 | Official Correspondence | This category includes final, signed communications, memoranda, policies, and guidelines. |
|---|---|---|
| 2 | Emails and Attachments | This category includes emails sent or received by Department officials and records attached thereto. |
| 3 | Calendars | This category includes the electronic calendar of Department officials. |
| 4 | Standalone Documents | This category includes both electronic computer records and non-electronic (i.e. paper) records of Department officials to the extent that such records were not attached to an email[1]. |
| 5 | Classified Records | This category includes both electronic and non-electronic (i.e. paper) classified records maintained by Department officials. |

    The time required to complete our records search will vary significantly depending on the types of records that need to be searched in order to fulfill your request. Furthermore, there

---

[1] This category does not include Official Correspondence (i.e. category 1 records).

-2-

are distinct and significant differences between the search time required to complete certain categories of records searches. For example, a records search focused on category 1 records (Official Correspondence) requires the least amount of time to complete. A records search seeking records from categories 2 and/or 3 requires significantly more time than that of category 1. Whereas a search seeking records from categories 4 and/or 5 is the most time-consuming search option and requires substantially more time to complete than a search focused on records of categories 2 and/or 3.

Additional factors, including the timeframe of your request and the number of Department officials who need to be searched in order to fulfill your request, can make a substantial difference in the time it takes to complete our records search. Generally speaking, requests seeking records prior to January 20, 2017, will require additional search time, and the more Department officials that are subject to the records search, the longer it will take to complete.

At this time and in an effort to facilitate our response to your request, we are focusing our records search on official correspondence (category 1) that may be responsive to your request. If you are interested in either adding additional categories of records to your search or focusing your search on records other than category 1, please notify this Office as soon as possible. You may also agree to an alternative formulation of your request, including a different scope or date range. Please include the administrative tracking number associated with this request in all your correspondence.

Any decision with regard to the application of fees or any request for a fee waiver will be made only after we determine whether fees will be implicated for this request.

We regret the necessity of this delay, but we assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss the processing of your request, you may contact this Office by telephone at the above number, by e-mail at doj.oip.foia@usdoj.gov, or you may write to the Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001. Lastly, you may contact our FOIA Public Liaison, Valeree Villanueva, at the telephone number listed above to discuss any aspect of your request.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

Sincerely,
Initial Request Staff
Office of Information Policy
U.S. Department of Justice