

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

DOUGLAS JOHNS (CABN 314798)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (415) 846-8947
    FAX: (408) 535-5081
    Douglas.Johns@usdoj.gov

Attorneys for Defendant
UNITED STATES DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHAOCHENG ANTHONY TAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | CASE NO. 5:25-CV-03980-VKD<br><br>**ANSWER OF UNITED STATES DEPARTMENT OF JUSTICE TO COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT AND FOR INJUNCTIVE RELIEF**<br><br>Honorable Virginia K. DeMarchi<br>United States Magistrate Judge |

ANSWER OF UNITED STATES DEPARTMENT OF JUSTICE TO COMPLAINT UNDER THE FREEDOM OF
INFORMATION ACT AND FOR INJUNCTIVE RELIEF
5:25-CV-03980-VKD

1

**ANSWER**

Defendant Department of Justice (the "Department"), by and through undersigned counsel, hereby submits this Answer to the Complaint (ECF No. 1), filed by Plaintiff Zhaocheng Anthony Tan ("Plaintiff") on May 7, 2025. To the extent the Complaint refers to, or quotes, from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint that are not specifically or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs[1] as follows:

**INTRODUCTION**

1. Defendant admits that this case arises under the Freedom of Information Act ("FOIA,"), 5 U.S.C. § 552. The remainder of this paragraph consists of Plaintiff's characterization of this lawsuit or characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

2. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

3. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

///

///

///

///

///

---

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

ANSWER OF UNITED STATES DEPARTMENT OF JUSTICE TO COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT AND FOR INJUNCTIVE RELIEF
5:25-CV-03980-VKD

4.      Defendant admits that the Department's Office of Information Policy ("OIP") received three FOIA requests from Plaintiff respectively dated February 19, 2025, April 1, 2025, and April 6, 2025. The remainder of this paragraph consists of Plaintiff's characterization of this lawsuit, legal conclusions, or characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent a response is required, Defendant refers the Court to the FOIA requests for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

5.      Denied in part. On March 26, 2025, Defendant issued a final determination regarding Plaintiff's February 19, 2025, FOIA request. Defendant admits that as of the date of the Complaint, it did not issue a final determination regarding Plaintiff's FOIA requests dated April 1, 2025, or April 6, 2025. Defendant further denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## **JURISDICTION AND VENUE**

6.      This paragraph contains Plaintiff's legal conclusion regarding jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has subject-matter jurisdiction subject to the terms and limitations of the FOIA.

7.      This paragraph contains Plaintiff's legal conclusion regarding venue to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district for an action properly brought under the FOIA.

8.      This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, this Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by the FOIA, including, but not limited to, declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

9.      Admitted.

///

///

///

///

**PARTIES**

10. This paragraph consists of Plaintiff's characterization of Zhaocheng Anthony Tan, about which Defendant lacks sufficient knowledge or information as to the truth of the allegations. Defendant admits that OIP received three FOIA requests from Plaintiff respectively dated February 19, 2025, April 1, 2025, and April 6, 2025.

11. Defendant admits that it is a federal agency within the meaning of the FOIA. Defendant denies the remaining allegations in this paragraph.

**STATEMENT OF FACTS**

**THE ENACTMENT AND JUDICIAL REVIEW OF PAFACAA**

12. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

13. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

14. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

15. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

16. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

**PRESIDENT TRUMP'S EXECUTIVE ORDERS AND THE ATTORNEY GENERAL'S LETTERS**

17. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

18. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

///

///

**First Executive Order**

19. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

20. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

21. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

22. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

23. This paragraph consists of Plaintiff's characterization of alleged background information, or legal conclusions, not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

24. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

**Second Executive Order**

25. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

26. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

27. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

28. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

29. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

30. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

ANSWER OF UNITED STATES DEPARTMENT OF JUSTICE TO COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT AND FOR INJUNCTIVE RELIEF
5:25-CV-03980-VKD

5

31. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

32. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

33. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

34. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

35. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

**PLAINTIFF'S FOIA REQUESTS AND DEFENDANT'S RESPONSES**

36. Defendant admits that OIP received three FOIA requests from Plaintiff respectively dated February 19, 2025, April 1, 2025, and April 6, 2025. The remainder of this paragraph consists of Plaintiff's characterization of this lawsuit or characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

**First FOIA Request**

37. Defendant admits that OIP received a FOIA request from Plaintiff dated February 19, 2025, refers the Court to the FOIA request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith. The remainder of this paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

38. Defendant admits that OIP sent an acknowledgement letter, dated February 21, 2025, to Plaintiff. Defendant respectfully refers this Court to the February 21, 2025 letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

///

///

ANSWER OF UNITED STATES DEPARTMENT OF JUSTICE TO COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT AND FOR INJUNCTIVE RELIEF
5:25-CV-03980-VKD

39.     This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

40.     This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

41.     Admitted.

42.     This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

43.     Defendant admits that as of March 20, 2025, OIP sent an acknowledgment letter to Plaintiff and has not released any materials to Plaintiff.

44.     Defendant admits that OIP received an email from Plaintiff on March 20, 2025. Defendant respectfully refers this Court to the email to OIP for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

45.     Defendant admits that OIP sent Plaintiff a final determination letter dated March 26, 2025. Defendant respectfully refers this Court to OIP's March 26, 2025 letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

46.     Denied.

47.     Defendant lacks sufficient knowledge or information to admit or deny the characterizations as to Plaintiff's phone calls.

**Appeal of Response to First FOIA Request**

48.     Defendant admits that OIP received Plaintiff's administrative appeal dated April 1, 2025. Defendant respectfully refers this Court to Plaintiff's administrative appeal for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

///

///

49. Defendant admits that OIP sent an acknowledgment letter regarding Plaintiff's administrative appeal dated April 1, 2025. Defendant respectfully refers this Court to OIP's April 1, 2025 acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

50. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

51. Admitted.

52. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

53. Defendant admits that as of the date of the Complaint OIP did not make a final determination regarding Plaintiff's appeal. Consistent with Department regulations, on May 30, 2025, OIP closed Plaintiff's appeal after Plaintiff initiated this lawsuit. *See* 28 C.F.R. § 16.8(b)(2) (2024) (stating "[a]n appeal ordinarily will not be adjudicated if the request becomes a matter of FOIA litigation").

54. Defendant admits that as of the date of the Complaint, it has not released any materials to Plaintiff.

**Second FOIA Request**

55. Defendant admits that on April 4, 2025, OIP received a FOIA request from Plaintiff dated April 1, 2025. The remainder of this paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

56. Admitted.

57. Defendant admits that the Mail Referral Unit responded to Plaintiff by letter dated April 5, 2025. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

58. Defendant admits that OIP sent Plaintiff an acknowledgement letter dated April 30, 2025. Defendant respectfully refers this Court to OIP's April 30, 2025 letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

59. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

60. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

61. Admitted.

62. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

63. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

64. Defendant admits that as of the date of the Complaint, OIP sent an acknowledgment letter to Plaintiff and has not released any materials to Plaintiff.

**Third FOIA Request**

65. Defendant admits that on April 7, 2025, OIP received a FOIA request from Plaintiff dated April 6, 2025. The remainder of this paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

66. Admitted.

67. Defendant admits that the Mail Referral Unit responded to Plaintiff by letter dated April 7, 2025. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

68. Defendant admits that OIP sent an acknowledgement letter, dated April 8, 2025, to Plaintiff. Defendant respectfully refers this Court to OIP's April 8, 2025 letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

69. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

70. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

71. Admitted.

72. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

73. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

74. Defendant admits that as of the date of the Complaint, OIP sent an acknowledgment letter to Plaintiff and has not released any materials to Plaintiff.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search for Responsive Records**

75. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

76. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

77. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

78. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

**COUNT TWO**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Disclose Responsive Records**

79. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

80. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

81. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

82. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

83. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

**COUNT THREE**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond Within Time Required**

84. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

ANSWER OF UNITED STATES DEPARTMENT OF JUSTICE TO COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT AND FOR INJUNCTIVE RELIEF
5:25-CV-03980-VKD

11

85. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

86. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

The remainder of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

Defendant denies any and all allegations in the Complaint not expressly admitted or denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff is not entitled to compel production of records or portions thereof protected from disclosure by one or more exemptions of the FOIA. *See* 5 U.S.C. § 552(b).

2. The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA, including but not limited to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff is neither eligible nor entitled to attorneys' fees and costs.

4. The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a Freedom of Information Act request at issue in this action.

5. The Court lacks subject-matter jurisdiction over some or all of the claims alleged.

6. The FOIA requests that are the subject of this lawsuit implicate certain information that is protected from disclosure by one of more statutory exemptions. Disclosure of such information is not required or permitted.

7. Plaintiff's Complaint should be dismissed because the claims are moot.

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to Plaintiff's Complaint become known throughout the course of the litigation.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered, Defendant respectfully requests that:

1. Plaintiff takes nothing by his Complaint;
2. Plaintiff's Complaint be dismissed with prejudice;
3. No injunctive relief be awarded to Plaintiff;
4. Defendants be awarded their costs of suit;
5. Judgment be entered in favor of Defendant; and

The Court grant such other and further relief as it may deem proper.

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

DATED: June 9, 2025

*/s/ Douglas Johns*
DOUGLAS JOHNS
Assistant United States Attorney
Attorneys for Defendant

ANSWER OF UNITED STATES DEPARTMENT OF JUSTICE TO COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT AND FOR INJUNCTIVE RELIEF
5:25-CV-03980-VKD

13