CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

DOUGLAS JOHNS (CABN 314798)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (415) 846-8947
    FAX: (408) 535-5081
    Douglas.Johns@usdoj.gov

Attorneys for Defendant
UNITED STATES DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHAOCHENG ANTHONY TAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | CASE NO. 5:25-CV-03980-VKD<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    August 12, 2025<br>Time:    1:30 p.m.<br><br>Honorable Virginia K. DeMarchi<br>United States Magistrate Judge |

INITIAL CASE MANAGEMENT STATEMENT
5:25-CV-03980-VKD

1

1  Plaintiff, Zhaocheng Anthony Tan ("Plaintiff" or "Tan"), and Defendant, United States
2 Department of Justice ("Defendant" or "Department"), submit this Initial Joint Case Management
3 Statement in advance of the Case Management Conference scheduled on August 12, 2025, at 1:30 p.m.

4 **1.     Jurisdiction and Service**

5  Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §
6 552(a)(4)(B). This Court has jurisdiction under 28 U.S.C. § 1331. Plaintiff served Defendant. Defendant
7 answered Plaintiff's Complaint. *See* Dkt. No. 10. There are no issues pertaining to personal jurisdiction,
8 venue, or service.

9 **2.     Facts and Update**

10  This action arises out of three FOIA requests made by Plaintiff to Defendant. In those FOIA
11 requests, Plaintiff seeks the following records: (1) any letters issued by the Attorney General or
12 Department pursuant to Section 2(c) of Executive Order 14166 of January 20, 2025, "Application of
13 Protecting Americans From Foreign Adversary Controlled Applications Act to TikTok"; (2) any written
14 guidance issued by the Attorney General or Department pursuant to Section 2(b) of Executive Order
15 14166 of January 20, 2025, "Application of Protecting Americans From Foreign Adversary Controlled
16 Applications Act to TikTok"; (3) a letter received by Apple Inc. from Defendant in April of 2025; and (4)
17 a letter received by Google LLC or Alphabet Inc. from Defendant in April of 2025. *See generally* Dkt. No.
18 1.

19  **Defendant's Statement:**

20  Defendant provides the following update on Plaintiff's remaining requests:
21  Defendant searched for potentially responsive records.
22  On July 3, 2025, Defendant released responsive records with certain information withheld pursuant
23 to Exemption 6 of the FOIA. Defendant's response on July 3, 2025 completes its processing of certain
24 portions of Plaintiff's requests.
25  On August 4, 2025, Defendant sent Plaintiff a final response stating that no additional responsive
26 records were located. At this point, Defendant completed its search, produced potentially responsive
27 records, and issued a final response to all Plaintiff's FOIA requests. Defendant told Plaintiff that it has not
28

INITIAL CASE MANAGEMENT STATEMENT
5:25-CV-03980-VKD

2

1  withheld any records in full. Plaintiff does not plan to challenge Defendant's assertion of any FOIA
2  exemption. From Defendant's perspective, it has satisfied its obligations under the FOIA.
3       Plaintiff indicated that he may challenge Defendant's search regarding written guidance. Plaintiff
4  has not justified why a challenge is appropriate or necessary. In response to Plaintiff's inquiries about the
5  search, Defendant's counsel sent Plaintiff's additional information about the search. Plaintiff has been
6  sending questions similar to discovery requests that are improper under the FOIA.
7       Plaintiff's explanation below confirms that he confuses the FOIA for discovery. As set forth
8  below, Plaintiff confirms that Defendant completed its search and did not locate any additional responsive
9  records for the FOIA requests at issue. Based on Plaintiff's own statement below, Defendant satisfied its
10 obligations under FOIA.
11      If Plaintiff wants to continue to push forward, Defendant requests that the parties file cross-
12 motions in the next 90-120 days with the first 30 days intended to allow the parties to continue to meet
13 and confer more meaningfully in an attempt to resolve the remaining dispute. Briefing cross-motions for
14 summary judgment is a significant undertaking, and it is unnecessary in this case because Defendant has
15 satisfied its obligations under the FOIA. Finally, as a practical matter, Defendant and its attorneys cannot
16 drop all other commitments because Plaintiff wants to use the FOIA for discovery and is unclear about
17 Defendant's obligations in this litigation.
18      **Plaintiff's Statement:**
19      The three FOIA requests at issue seek disclosure of two categories of records: (1) **correspondence**
20 from the Department to certain entities pursuant to an Executive Order, issued on January 20, 2025,
21 prohibiting the Department from enforcing the Protecting Americans from Foreign Adversary Controlled
22 Applications Act (the "Act") and (2) the Department's **written guidance** regarding the implementation of
23 the Executive Order's prohibition on enforcement of the Act.
24      After Tan brought this action, the Department on July 3, 2025, disclosed 21 letters (comprising 42
25 pages) the Department sent to various entities regarding the Act. This disclosure has already led to
26 significant public discourse about the separation of powers, demonstrating strong public interest in the
27 FOIA requests at issue. *See, e.g.*, Charlie Savage, "Trump Claims Sweeping Power to Nullify Laws,
28

INITIAL CASE MANAGEMENT STATEMENT
5:25-CV-03980-VKD

3

Letters on TikTok Ban Show," N.Y. Times (July 3, 2025), http://bit.ly/4maamLP. There are no disputed issued regarding the Department's processing and disclosure of material responsive to the request for *correspondence*.

The Department has not, however, disclosed any records reflecting the Department's *written guidance* regarding implementation of the Executive Order. The Department's assertion that it does not possess public records responsive to that aspect of Tan's FOIA requests raises serious questions about the adequacy of the Department's search for those public records and compliance with the FOIA. *See, e.g.*, *Transgender L. Ctr. v. Immigr. & Customs Enf't*, 46 F.4th 771, 779 (9th Cir. 2022) (agency burden to demonstrate "adequacy of search 'beyond material doubt' is, to be sure, a heavy burden, but such a burden appropriately reflects the purpose and policy of FOIA, including transparency, public access, and an informed citizenry").

In particular, Executive Order 14166 expressly provides that "[t]he Attorney General shall take all appropriate action to issue written guidance to implement the provisions of" the portion of the Executive Order instructing the Department not to enforce the Act. In light of that express requirement—and the practical need for Department personnel to be informed of an Executive Order directing them not to enforce an act of Congress—Tan on August 1, 2025, asked the Department to provide additional information about its search for the written-guidance records. On August 4, 2025, the Department conveyed through counsel that "[t]here are no records beyond those already produced and the Attorney General issued no written guidance (beyond that contained in the letters themselves)." One of Tan's FOIA requests, however, expressly requests disclosure of any written guidance issued *by the Department* (*i.e.*, by any personnel other than the Attorney General). Tan thus asked the Department to confirm that no Department personnel issued any guidance as required by the Executive Order. The Department responded by asserting that the "FOIA does not require an agency to conduct research, analyze data, or answer questions." It now characterizes Tan's efforts to confer in good faith to minimize the issues requiring the Court's intervention as "sending questions similar to discovery" that the Department is not required to, and will not, answer.

INITIAL CASE MANAGEMENT STATEMENT
5:25-CV-03980-VKD

1    Accordingly, Tan challenges the adequacy of the Department's search for records responsive to his

2  FOIA request for disclosure of "written guidance issued by the Attorney General or the Department of

3  Justice pursuant to Section 2(b) of Executive Order 14166 of January 20, 2025[.]" As noted below, he

4  asks the Court to set a briefing schedule on this limited issue. And because it is unclear why the

5  Department needs further time to confer with Tan about its search efforts when it is simultaneously

6  refusing to answer his questions about that very subject—and is instead asserting that those questions are

7  "improper under the FOIA"—Tan requests that a briefing schedule and hearing be set without further

8  delay.

9    **3.    Legal Issues**

10   At issue is whether Defendant has lawfully complied with Plaintiff's FOIA requests and whether

11  Plaintiff is entitled to injunctive relief and an award of attorneys' fees and other litigation costs. The

12  Parties attempted to resolve Plaintiff's claims informally but are at an impasse.

13   **4.    Motions**

14   There are no prior or pending motions. As noted below, Tan requests entry of briefing schedule on

15  the parties' cross-motions for summary judgment. Further, as discussed below, Tan states that if he is

16  unable to obtain the Department's consent pursuant to Federal Rule of Civil Procedure 15(a)(2), and that if

17  amendment would be appropriate in light of the status of this case, Tan may file a motion to amend the

18  complaint to add claims arising from additional FOIA requests relating to those currently in suit.

19   **5.    Amendment of Pleadings**

20   **Defendant's Statement**:

21   On July 22, 2025, Plaintiff told Defendant that he presented three additional FOIA requests and

22  plans to potentially amend the complaint to allege claims based on those requests. Defendant will oppose

23  any attempt by Plaintiff to amend his complaint. Defendant satisfied its obligations under FOIA for all of

24  Plaintiff's FOIA requests at issue in this case. Defendant completed its search, produced potentially

25  responsive records, asserted exemptions under FOIA that Plaintiff is not challenging, and issued a final

26  response for all Plaintiff's FOIA's requests. Plaintiff is not challenging the FOIA exemptions asserted by

27  Defendant. Accordingly, the action is nearing resolution. Plaintiff should not be permitted to initiate a

28

INITIAL CASE MANAGEMENT STATEMENT
5:25-CV-03980-VKD

5

different FOIA action for different FOIA requests through this action. Plaintiff has not identified any legal authority that is permissible.

**Plaintiff's Statement**:

The issue of whether the Department has satisfied its FOIA obligations remains in dispute given Tan's objections to the adequacy of the Department's search for the written guidance it was required to issue pursuant to Executive Order 14166. This action is accordingly not "over," as the Department has asserted to Tan, until that issue is resolved and either a dismissal or judgment is entered.

In the meantime, three additional FOIA requests Tan submitted to the Department (between February 19, 2025, and July 4, 2025) seek disclosure of public records concerning the same subject matter as the FOIA requests at issue in this action—including requests for disclosure of *written guidance* required to be issued under Executive Order 14310, issued June 19, 2025. These three additional requests are therefore likely to implicate the same or similar issues as the FOIA requests identified in the operative complaint. For that reason, Tan has notified the Defendant and states here that, if and when appropriate (*e.g.*, when administrative procedures, if required, have been exhausted), he may seek to amend the complaint to include in this action any claims arising from these three additional, related FOIA requests. That amendment would be consistent with and supported by the Federal Rules of Civil Procedure, which provide for amended and supplemental pleadings and provide that if the Department declines to consent to an amended pleading, Tan must therefore file a motion for leave to amend, which the Court "should freely give [if] justice so requires." Fed. R. Civ. P. 15(a)(2), (d). These rules are intended "to promote as complete an adjudication of the dispute between the parties as possible." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1982). And they are applied in FOIA cases like this one, including where FOIA requests became ripe for suit after the filing of the initial complaint. *See, e.g.*, *Graham v. United States Dep't of Homeland Sec.*, 2021 WL 1212596, at *1 (E.D. Cal. Mar. 31, 2021) (emphasizing that "courts grant motions for leave with 'extreme liberality'" and granting leave for plaintiff to amend FOIA complaint by adding additional requests).

INITIAL CASE MANAGEMENT STATEMENT
5:25-CV-03980-VKD

**6. Evidence Preservation**

The Parties have met and conferred under Rule 26 of the Federal Rules of Civil Procedure to reasonably and appropriately preserve evidence. The Parties will continue to take all reasonable steps to preserve any evidence related to the issues in this action. The Parties do not believe that this case raises significant e-discovery issues.

**7. Disclosures**

Plaintiff reserves the right to seek disclosures at a later date, if necessary and appropriate. Defendant contends that initial disclosures are not necessary because this is a FOIA action.

**8. Discovery**

Plaintiff reserves the right to seek discovery at a later date, if necessary, including pursuant to Federal Rule of Civil Procedure 56(d)(2). Defendant contends that discovery is not warranted because this is a FOIA action. No discovery has been taken by either Plaintiff or Defendant.

**9. Class Actions**

This lawsuit is not a class action.

**10. Related Cases**

There are no related cases or proceedings pending before any other court or administrative body.

**11. Relief**

Plaintiff seeks (1) an order requiring Defendant to conduct a search for all records potentially responsive to Plaintiff's FOIA requests; (2) a declaration that Defendant failed to make a timely determination on Plaintiff's FOIA requests; (3) a declaration that Defendant failed to disclose potentially responsive records for Plaintiff's FOIA requests; (4) an order that Defendant disclose all potentially responsive and non-exempt records to Plaintiff's FOIA requests; and (5) an award of reasonable litigation costs. *See* Dkt. No. 1 at 11. Defendant objects to Plaintiff's requested relief, seeks a judgment in its favor and to recover any potential recoverable costs.

**12.   Settlement and ADR**

The prospects for settlement are unknown at this point. The Parties are amenable to a Settlement Conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this time. The Parties filed the appropriate alternative dispute resolution forms as required by this Court's Local Rules.

**Defendant's Statement**:

Defendant issued a final response for all of Plaintiff's FOIA requests at issue in this case. As mentioned above, given that Defendant satisfied its obligations under FOIA, Defendant's position is that it has satisfied its obligations under the FOIA.

**Plaintiff's Statement**:

Tan disputes the adequacy of the Department's search for "written guidance" issued by the Attorney General or Department as required by Executive Order 14166. The Department has asserted that the *Attorney General* did not issue any guidance but has declined to answer whether anyone *other than* the Attorney General did so, and it has taken the position that it is under no obligation to provide that information. The Department has thus ended the parties' efforts to resolve, without Court intervention, the sole remaining substantive issue in the case.

**13.   Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.   Narrowing of Issues**

The Parties have met and conferred to try to narrow the issues in dispute and will continue to do so. If necessary, the Parties may narrow any issues by stipulation.

**15.    Scheduling**

**Defendant's Statement**:

Defendant respectfully requests that the Court set a further Case Management Conference approximately 75 to 90 days from August 12, 2025 to allow the parties time to resolve this case. If available, Defendant respectfully requests that the Court set a further Case Management Conference on October 28, 2025, at 1:30 p.m. in the afternoon. Defendant also respectfully requests that no other deadlines be set at this time.

As stated more fully supra at Section II, Defendant requests that the parties file cross-motions for summary judgment in the next 90-120 days with the first 30 days intended to allow the parties to continue to meet and confer more meaningfully in an attempt to resolve the remaining dispute. Put simply, there is no justification to force briefing on cross-motions for summary judgment in the next 30 days.

**Plaintiff's Statement**:

Tan does not object to the Department's request to continue the August 12, 2025, Case Management Conference.

As noted above, the sole issue remaining in this case (beyond that of Tan's eligibility and entitlement to an award of attorneys' fees) is the adequacy of the Department's search for responsive "written guidance" records. To that end, and because that issue is limited in scope, Tan requests that the Court issue the following briefing schedule for summary judgment:

| | |
|---|---|
| Dep't Motion for Summary Judgment | **September 5, 2025** |
| Tan Opposition & Cross-MSJ | **September 19, 2025** |
| Dep't Reply & Opposition to Cross-MSJ | **September 26, 2025** |
| Tan Reply re Cross-MSJ | **October 3, 2025** |
| Hearing on MSJ/Cross-MSJ | **October 14, 2025** |

INITIAL CASE MANAGEMENT STATEMENT
5:25-CV-03980-VKD

The schedule is reasonable given the exceedingly narrow issue that remains in this case. Moreover, if the Department is later willing to change its position on whether it must (or should) confer further with Tan about that sole issue, there is no reason the parties could not continue to do so with the foregoing schedule in place.

**16.    Trial**

The Parties do not anticipate needing a trial to resolve this FOIA action. If required, the Parties anticipate that this matter will be resolved on cross-motions for summary judgment.

**17.    Disclosure of Non-party Interested Entities or Persons**

Defendant is not required to file a Certification of Interested Entities or Persons under Civil L.R. 3-15.  Plaintiff filed a certification on May 8, 2025.

**18.    Professional Conduct**

Counsel for the Parties have reviewed the "Guidelines for Professional Conduct."

**19.    Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition of the Matter**

There are no other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

DATED: August 5, 2025

*/s/ Douglas Johns*
DOUGLAS JOHNS
Assistant United States Attorney
Attorneys for Defendant

DATED: August 5, 2025

*/s/ Matthew Cate*
MATTHEW S.L. CATE
Attorney for Plaintiff

INITIAL CASE MANAGEMENT STATEMENT
5:25-CV-03980-VKD

10

**ATTESTATION**

In compliance with Civil L.R. 5-1(i)(3), I, Douglas Johns, attest that I have obtained concurrence in the filing of this document from each of the other signatories.

Dated: August 5, 2025                    By:      */s/ Douglas Johns*
                                                   DOUGLAS JOHNS