1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   PAMELA T. JOHANN (CABN 145558)
3  Chief, Civil Division

4  DOUGLAS JOHNS (CABN 314798)
   Assistant United States Attorney
5
       60 South Market Street, Suite 1200
6      San Jose, California 95113
       Telephone: (415) 846-8947
7      FAX: (408) 535-5081
       Douglas.Johns@usdoj.gov
8
   Attorneys for Defendant
9
   UNITED STATES DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHAOCHENG ANTHONY TAN, | CASE NO. 5:25-CV-03980-VKD |
| Plaintiff, | |
| v. | **STIPULATION FOR DISMISSAL WITH PREJUDICE** |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant. | Honorable Virginia K. DeMarchi<br>United States Magistrate Judge |

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the settlement agreement entered into by the parties to this action attached hereto as **Exhibit A**, Plaintiff and Defendant hereby stipulate to dismiss, with prejudice, the above-captioned action. Each party shall bear its own costs, expenses, and fees, except as provided for in the parties' settlement agreement.

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

DATED: September 29, 2025              */s/ Douglas Johns*
                                       DOUGLAS JOHNS
                                       Assistant United States Attorney
                                       Attorneys for Defendants


DATED: September 29, 2025              */s/ Matthew S.L. Cate*
                                       MATTHEW S.L. CATE
                                       Attorney for Plaintiff

## ATTESTATION

In compliance with Civil L.R. 5-1(i)(3), I, Douglas Johns, attest that I have obtained concurrence in the filing of this document from each of the other signatories.

Dated: September 29, 2025        By:   */s/ Douglas Johns*
                                       DOUGLAS JOHNS

# EXHIBIT A

1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   PAMELA T. JOHANN (CABN 145558)
3  Chief, Civil Division

4  DOUGLAS JOHNS (CABN 314798)
   Assistant United States Attorney
5
       60 South Market Street, Suite 1200
6      San Jose, California 95113
       Telephone: (415) 846-8947
7      FAX: (408) 535-5081
       Douglas.Johns@usdoj.gov
8
   Attorneys for Defendant
9
   UNITED STATES DEPARTMENT OF JUSTICE
10

11                 UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                           SAN JOSE DIVISION

14

| | |
|---|---|
| ZHAOCHENG ANTHONY TAN, | CASE NO. 5:25-CV-03980-VKD |
|     Plaintiff, | |
|   v. | **SETTLEMENT AGREEMENT** |
| UNITED STATES DEPARTMENT OF JUSTICE, | Honorable Virginia K. DeMarchi<br>United States Magistrate Judge |
|     Defendant. | |

SETTLEMENT AGREEMENT
5:25-CV-03980-VKD

1

IT IS HEREBY AGREED by and between the undersigned Plaintiff and Defendant (together, the "Parties"), as follows:

1. **Settlement Amount**. Defendant agrees to pay Plaintiff a total sum of $537.75 (five hundred and thirty-seven dollars and seventy-five cents) to Plaintiff in full and complete satisfaction of Plaintiff's claims for attorneys' fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, in the above-captioned matter. This payment shall constitute full and final satisfaction of any and all of Plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest. Payment of this money will be made by electronic funds transfer or check after receipt of necessary information from Plaintiff in order to effectuate the payment. Defendant will begin processing payment promptly once the Settlement Agreement is executed by all the signatories, and Plaintiff provides all necessary information in order to effectuate payment.

2. **Release**. In consideration of the payment of the Settlement Amount and the other terms set forth in this Agreement, Plaintiff hereby releases and forever discharges Defendant, its successors, the United States of America (the "United States"), and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation, or which hereafter could be asserted, with respect to or arising out of the specific FOIA requests on which this action is based or the records sought thereby, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

3. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

SETTLEMENT AGREEMENT
5:25-CV-03980-VKD

2

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights Plaintiff may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by Plaintiff to be true, this Settlement Agreement shall be and remain effective notwithstanding such material difference.

4. **<u>Dismissal</u>**.  In consideration of the payment specified in paragraph 1 and the other terms of this Settlement Agreement, Plaintiff agrees to execute a Stipulation of Dismissal and deliver the signed version of the Stipulation of Dismissal to Defendant's counsel, or, in the alternative, authorize the filing of a Stipulation of Dismissal prepared by Defendant's counsel upon the receipt by Plaintiff's attorney of the payment specified in paragraph 1. Any Stipulation of Dismissal shall jointly stipulate that the above-captioned action is dismissed in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with each side bearing its own costs, expenses, and fees. Either party shall have the right to file the fully executed Stipulation of Dismissal with the Court upon the receipt by Plaintiff's attorney of the payment specified in paragraph 1.

5. **<u>No Admission of Liability</u>**.  The Parties acknowledge that this Settlement Agreement is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission of liability or fault on the part of Defendant, the United States, or any of their past and present officials, agents, employees, or attorneys regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim, raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiff's eligibility for or entitlement to attorneys' fees, costs, or other litigation expenses under the FOIA. This Settlement Agreement shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving Defendant.

6.   **Severability**.  If any provision of this Settlement Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

7.   **Integration**.  This instrument shall constitute the entire Agreement between the Parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the Parties. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all the Parties or their authorized representatives.

8.   **Authority**.  The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Settlement Agreement.

9.   **Choice of Law**.  This Agreement is governed by the laws of the United States.

10.  **Construction**.  Each party hereby agrees that it has participated in the preparation of this Settlement Agreement, had the opportunity to seek counsel regarding the contents of this Settlement Agreement, is fully aware of and understands all the terms of the Settlement Agreement and the legal consequences thereof, and enters into this Settlement Agreement knowingly and voluntarily.  For purposes of construction, this Settlement Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

///
///
///
///
///
///
///

11. **Execution in Counterparts**. It is contemplated that this Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

DATED: September 3, 2025

**MATTHEW S.L. CATE**
Plaintiff's Attorney

CRAIG H. MISSAKIAN
United States Attorney

DATED: September 3, 2025     By:

**DOUGLAS JOHNS**
Assistant United States Attorney
Attorney for Defendant

SETTLEMENT AGREEMENT
5:25-CV-03980-VKD

5